■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR AVILES, Appellant. [638 NYS2d 298] —Judgment, Supreme Court, Bronx County (Arlene Silverman, J.), rendered May 27, 1993, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of $3^1/_3$ to 10 years, unanimously affirmed.

The verdict was not against the weight of the evidence. Any

claimed inconsistencies in the victim's testimony were properly before the jury, as was the alibi testimony, and we find no reason to disturb its determination.

Defendant failed to preserve for appellate review his claim that the court should have allowed him to introduce into evidence a DD5 report under the business record exception to the hearsay rule. Defendant made no offer of proof on the record, and abandoned his effort to introduce the DD5 following an unrecorded bench conference. Nor was the claim preserved by raising it at sentencing (*see, People v Padro*, 75 NY2d 820). In any event, if we were to review the claim in the interest of justice, we would find it to be without merit since the information contained in the DD5 did not come from someone who had a business duty to report it (*see, People v Fisher*, 201 AD2d 193, 198, *lv denied* 84 NY2d 935), and if the DD5 is viewed as a prior inconsistent statement, defendant never confronted the complainant during his testimony with the alleged inconsistency (*see, People v Wise*, 46 NY2d 321, 326).

We have considered defendant's other contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Wallach, Kupferman and Williams, JJ.